1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11  CURTIS WELCH,                                    CV F  05  1371  OWW SMS P

12              Plaintiff,

13      v.                                           FINDINGS AND RECOMMENDATIONS TO
                                                     DISMISS ACTION (Doc. 1.)
14

15  DEPARTMENT OF CORRECTIONS, et. al.,

16              Defendants.
    _____/
17

18          ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights

19  action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on October 31, 2005.

20  **A.  SCREENING STANDARD**

21          The court is required to screen complaints brought by  prisoners seeking relief against a

22  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

27  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

28  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.  SUMMARY OF COMPLAINT**

Plaintiff alleges that he almost died due to Drs. Kim and Krose inadequate medical treatment of him while he was confined at California Correctional Institution ("CCI").  Plaintiff states that he became very ill on January 7, 2003 and was seen over a period of three months . Plaintiff states Dr. Kim diagnosed him with having "sarcordosis" on or about March 10, 2003 and placed him back in general population.  Plaintiff was informed that there was no treatment and that it would heal but he got worse and his teacher had him removed from class because he was too sick.  Plaintiff states that he had asked Dr. Him to remove him from the general population to the medical infirmary but he would not.

On April 7, 2003, Plaintiff was taken to Community Hospital where he was quarantined and diagnosed as having valley fever.  Plaintiff complains that Dr. Kim never took blood, skin, saliva, urine samples or conduct any other tests.  Plaintiff states that is suing for malpractice and punitive damages for the duress and stress he experienced.

**C.  CLAIMS FOR RELIEF**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing

1  Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a

2  "sufficiently culpable state of mind," which entails more than mere negligence, but less than

3  conduct undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.

4  A prison official does not act in a deliberately indifferent manner unless the official "knows of

5  and disregards an excessive risk to inmate health or safety."  Id.

6         In applying this standard, the Ninth Circuit has held that before it can be said that a

7  prisoner's civil rights have been abridged, "the indifference to his medical needs must be

8  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

9  cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing

10  Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or

11  treating a medical condition does not state a valid claim of medical mistreatment under the

12  Eighth Amendment.  Medical malpractice does not become a constitutional violation merely

13  because the victim is a prisoner."  Estelle v. Gamble, 429 U.S. at 106; see also Anderson v.

14  County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050

15  (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136

16  (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate

17  indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.

18  1990).

19         Here, Plaintiff does not allege facts giving rise to a constitutional violation and clearly

20  states that he is bringing this action as a suit for malpractice.  As noted above, a complaint that a

21  physician has been negligent in diagnosing a condition does not give rise to a constitutional claim

22  for relief.  Accordingly, Plaintiff may not proceed with this action under § 1983.  A malpractice

23  action is appropriately filed in state court.

24  **D. RECOMMENDATION**

25         Accordingly, the Court RECOMMENDS that the instant action for malpractice be

26  DISMISSED.

27         The Court HEREBY ORDERS that these Findings and Recommendations be submitted

28  to the United States District Court Judge assigned to this action pursuant to the provisions of 28

3

U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    January 16, 2007**                    **/s/ Sandra M. Snyder**
icido3                                          UNITED STATES MAGISTRATE JUDGE

4